IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
v. :
: CRIM NO. 09-307
STEPHEN LASHLEY, :
a/k/a "DOE" :

FILED

MAR 2 8 2012

MICHAEL L. KUNZ, Clerk
By_____ Dep. Clerk

MEMORANDUM RE: SENTENCING

At the sentencing of this Defendant for trafficking in firearms on February 21, 2012, the Court considered the Guideline range of 63-78 months, and, for the reasons noted on the record at that time, and summarized below, the Court decided to impose an upward departure of 24 months. The Court alternatively stated that if for any reason the upward departure was inappropriate, then considering the factors of 18 U.S.C. § 3553, the facts of the case warranted an upward variance from the Guidelines range in the same amount of 24 months.

The Third Circuit has recently explained the difference between a departure and a variance in, for example, United States v. Fumo, 655 F.3d 288, 317 (3d Cir. 2011). Generally, "abuse of discretion" is the appellate standard for review of district court sentencing decisions about departures and variances, see Gall v. United States, 552 U.S. 38, 50-51 (2007), though the Third Circuit has clarified that "a district court has more discretion in imposing a variance [than a departure]." Fumo, 655 F.3d at 319.

In this case, the evidence against the Defendant was strong. The jury believed the testifying cooperator, Jason Mack, who actually purchased guns on behalf of Defendant and clearly established that Defendant was guilty of trafficking firearms. The trial testimony showed that two (2) guns entered this district by virtue of Defendant's purchases in North Carolina.

1

Mack purchased guns for the Defendant on multiple occasions, over a seven (7) month period.

Although the jury did not know this fact, it was brought out at the sentencing that one of the guns purchased by the Defendant was proven, by ballistics testimony, to have been used in the murder of a Philadelphia Police Officer, Patrick McDonald, acting in the line of duty. Officer McDonald's mother testified at the sentencing hearing.

The scourge of illegal firearms trafficking on the law-abiding citizens of Philadelphia need not be recounted here because it is a frequent topic in all forms of media. It is a serious, obvious and horrific problem. These cases consume a significant portion of the criminal docket of this Court. The daily newspapers recount numerous instances of murders, robberies and drug trafficking crimes committed by individuals possessing and using firearms—individuals who under federal law are not entitled to possess and use firearms, but do so in furtherance of very significant crimes. Thus, this Court felt obliged in sentencing a firearms trafficker, who was on probation for another offense at the time of these offenses, with a stern sentence that would act as a strong deterrent to others.

Accordingly, after reviewing the Guideline range of 63-78 months, the Court departed upwards by 24 months. The Court felt an additional 24 months, or two (2) years—approximately a one-third increase beyond the Guideline range—was appropriate in light of all of the facts and circumstances of the case. In doing this, the Court relied on U.S.S.G. §§ 5K2.0(a)(2)-(4) of the Guidelines, and particularly considered the consequences of Defendant's conduct, i.e., that it is easily foreseeable (and a fact in this case) that guns that are possessed in Philadelphia as a result of out-of-state purchases by individuals such as Defendant, who are ineligible by law to purchase guns themselves, are often used to commit serious crimes, including murder.

The Court felt that the sentence should reflect the "consequences" of Defendant's conduct. An individual who brings illegally purchased guns into Pennsylvania has reason to know the guns are going to be used for criminal activity. Upon conviction, the sentence should reflect "forseeability" and Defendant's sentence should reflect the consequences of his crimes, just as a tortfeasor is responsible for the consequences of his tortious conduct. The reasoning of Judge Lynch, then of the United States District Court for the Southern District of New York (now of the Second Circuit), in United States v. Jackson, 351 F. Supp. 2d 108 (S.D.N.Y. 2004) is instructive. In that opinion, issued when the Guidelines were mandatory, Judge Lynch justified an upward departure in a sentence for similar firearms offenses as follows:

> [T]he firearm here was not merely 'possessed' or 'transported,' as is minimally required to violate the statutes in question. . . . [T]he use of the firearm resulted in a serious injury to another person. . . . [T]here is no question at all that serious consequences resulted from [defendant's] decision to bring a machine gun to New York[.] Those consequences were the natural and foreseeable result of [defendant's] criminal conduct. . . . These findings warrant an upward departure. The consequences of a crime matter in determining what the sentence should be. . . . This is so even if [defendant's] use of the weapon was arguably justified. . . . [T]he issue here is not the justification or criminality of the use of force, but the consequences of the crime of which [defendant] is [ ] guilty.

Id. at 118-19.

The Guidelines themselves do not contain any express provision for considering an upward departure to account for consequences, or a downward departure to account for lack of consequences. Thus, this is not factor considered by the Sentencing Commission and in this case, a departure was appropriate for a reason not considered by the Sentencing Commission and not part of the Guidelines. See U.S.S.G. §§ 5K2.0(a)(2)-(4); Koon v. United States, 518 U.S. 81, 96 (1996) (explaining that while a "court must bear in mind the Commission's expectation that

departures based on grounds not mentioned in the Guidelines will be highly infrequent," a court may, "after considering the structure and theory of both relevant and individual guidelines and the Guidelines taken as a whole," conclude that the unmentioned grounds is "sufficient to take the case out of the Guideline's heartland") (internal quotation marks omitted); accord United States v. King, 604 F.3d 125, 143 (3d Cir. 2010) (affirming an upward departure for a reason unmentioned in the Guidelines). Although King states that a district court considering an upward departure must analogize the departure to existing Guideline provisions, see id. at 144, the Court is not able in this case to make such a specific analogy.

The record does not show that Defendant had any specific knowledge of other crimes that may have been committed by other individuals who possessed the guns purchased and transported by him. However, this Court felt that one (1) murder of one (1) Police Officer was enough of a consequence that it should be brought to bear on the custodial term to be served by Defendant in the form of an upward departure from the Guideline range.

As the Court noted at sentencing, if for any reason the upward departure is improper, the Court surely had the authorization under 18 U.S.C. § 3553, for reasons of punishment, public safety and deterrence, to impose a sentence of 24 months above the high end of the applicable Guideline range. In sum, regardless of the particular procedure involved—that is, whether a departure or variance—the Court is of the same view regarding the term of imprisonment to which Defendant was sentenced.

O:\Criminal Cases\09-307 Lashley, US v\Memorandum 3-19-12.wpd

4